**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MACEDO, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID PREWETT, an individual, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **CASE NO.: 8:17-CV-00897**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations of Civil Rights (42 U.S.C. § 1983) (Substantive Due Process)**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3. Plaintiff MARIA MACEDO is, and at all relevant times mentioned herein was, a resident of the County of Orange and State of California. Plaintiff MARIA MACEDO is the surviving biological mother of decedent STEVE SALGADO.

4. Plaintiff is informed and believes, and thereupon alleges, that Defendant DAVID PREWETT (hereinafter referred to as "Defendant PREWETT") is, and at all relevant times mentioned herein was, a resident of the County of Orange and State of California. Further, at all times relevant to the acts and omissions herein alleged, Defendant PREWETT was a police officer employed by the City of Santa Ana and the Santa Ana Police Department, and was acting under color of state law and in the course and scope of his employment with the City of Santa Ana and the Santa Ana Police Department.

5. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereupon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed

negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

6. Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

7. Plaintiff is informed, believes, and thereupon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

8. This Complaint concerns a fatal officer-involved shooting incident which occurred during the afternoon hours of Sunday, January 29, 2017, in or around the 400 block of South Birch Street in the City of Santa Ana, County of Orange, and State of California. Plaintiff is informed, believes, and thereupon alleges that at approximately 5:00 p.m. on January 29, 2017, Plaintiff's decedent, STEVE SALGADO, was sitting in a vehicle that was stopped in an alley near the 400 block of South Birch Street when Defendant PREWETT, while acting under color of state law and in the course and scope of his employment with the City of Santa Ana and the Santa Ana Police Department, unjustifiably stopped and detained STEVE SALGADO without having probable cause or reasonable suspicion to believe that STEVE SALGADO had committed a crime, or would commit a crime in the future, engaged STEVE SALGADO in a short foot pursuit, and then violently confronted STEVE SALGADO in or around the 400 block of South Birch Street.

9. Without warning, Defendant PREWETT proceeded to assault and batter decedent STEVE SALGADO by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of STEVE SALGADO, inflicting several gunshot wounds, which proved to be fatal.

Following the shooting, the involved officers denied medical care to STEVE SALGADO in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, STEVE SALGADO died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant PREWETT. At no time during the course of these events did STEVE SALGADO pose any reasonable or credible threat of violence to Defendant PREWETT, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

10.  Both prior to and during the time in which he was fatally shot, decedent STEVE SALGADO was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to Defendant PREWETT, nor to any other individual. Both prior to and during the time in which he was shot dead, STEVE SALGADO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant PREWETT shot and killed STEVE SALGADO, Defendant PREWETT, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that STEVE SALGADO posed the risk of death or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION
### (By Plaintiff MARIA MACEDO Against Defendant DAVID PREWETT for Violations of Civil Rights [42 U.S.C. § 1983])
### (Substantive Due Process)

11.  Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

12.  This cause of action is brought by Plaintiff MARIA MACEDO, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured

4

to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, decedent STEVE SALGADO, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, STEVE SALGADO, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

13. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, the City of Santa Ana employed Defendant PREWETT. The City of Santa Ana provided Defendant PREWETT with an official badge and identification card which designated and described Defendant PREWETT as an employee of the City of Santa Ana and the Santa Ana Police Department.

14. At all times relevant to the acts and omissions herein alleged, Defendant PREWETT was employed by the City of Santa Ana and the Santa Ana Police Department, and was acting under color of state law and in the course and scope of his employment with the City of Santa Ana and the Santa Ana Police Department.

15. At approximately 5:00 p.m. on Sunday, January 29, 2017, Plaintiff's decedent, STEVE SALGADO, was sitting in a vehicle that was stopped in an alley near the 400 block of South Birch Street when Defendant PREWETT, while acting under color of state law and in the course and scope of his employment with the City of Santa Ana and the Santa Ana Police Department, unjustifiably stopped and detained STEVE SALGADO without having probable cause or reasonable suspicion to believe that STEVE SALGADO had committed a crime, or would commit a crime in the future, engaged STEVE SALGADO in a short foot pursuit, and then violently confronted STEVE SALGADO in or around the 400 block of South Birch Street.

16. Without warning, Defendant PREWETT proceeded to assault and batter decedent STEVE SALGADO by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department-issued firearm at the person of STEVE SALGADO, inflicting several gunshot wounds, which proved to be fatal.

Following the shooting, the involved officers denied medical care to STEVE SALGADO in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, STEVE SALGADO died as a direct and proximate result of the gunshot wounds inflicted upon his person by Defendant PREWETT. At no time during the course of these events did STEVE SALGADO pose any reasonable or credible threat of violence to Defendant PREWETT, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

17. Both prior to and during the time in which he was fatally shot, decedent STEVE SALGADO was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to Defendant PREWETT, nor to any other individual. Both prior to and during the time in which he was shot dead, STEVE SALGADO made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant PREWETT shot and killed STEVE SALGADO, Defendant PREWETT, who fired, was not faced with any circumstances which would have led a reasonable police officer to believe that STEVE SALGADO posed the risk of death or serious bodily injury to any person.

18. At all times relevant to the acts and omissions alleged herein, Defendant PREWETT was faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of decedent STEVE SALGADO and with a conscious disregard of the risks posed to the safety of STEVE SALGADO. Additionally, at all times relevant to the acts and omissions alleged herein, Defendant PREWETT acted with a purpose to harm unrelated to any legitimate law enforcement objective when he shot STEVE SALGADO. At all times relevant to the acts and omissions alleged herein, Defendant PREWETT's actions in shooting STEVE SALGADO would be considered to "shock the conscience."

6

19. At all times mentioned herein, Defendant PREWETT acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the City of Santa Ana.

20. Defendant PREWETT deprived Plaintiff of the rights, privileges, and/or immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, decedent STEVE SALGADO, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, STEVE SALGADO, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

21. Plaintiff had a Fourteenth Amendment right to substantive due process and privacy, as well as a Fourteenth Amendment right to associate with her son, decedent STEVE SALGADO, a Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of her son, STEVE SALGADO, and a Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into her family unit. All of these rights and privileges were secured to Plaintiff by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant PREWETT, which proximately caused the death of STEVE SALGADO.

22. By causing the death of decedent STEVE SALGADO, the actions of Defendant PREWETT violated Plaintiff's Fourteenth Amendment rights to substantive due process and privacy, as well as Plaintiff's Fourteenth Amendment right to associate with her son, STEVE SALGADO, Plaintiff's Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of her son, STEVE SALGADO, and Plaintiff's Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into her family unit. At all times relevant to the acts and omissions herein alleged, Defendant PREWETT was faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights

7

and safety of decedent STEVE SALGADO and with a conscious disregard of the risks posed to the safety of STEVE SALGADO when he used deadly force against STEVE SALGADO. Additionally, at all times relevant to the acts and omissions herein alleged, Defendant PREWETT acted with a purpose to harm unrelated to any legitimate law enforcement objective when he used deadly force against STEVE SALGADO. At all times relevant to the acts and omissions herein alleged, Defendant PREWETT's actions in using deadly force against STEVE SALGADO would be considered to "shock the conscience."

23. Plaintiff is informed, believes, and thereupon alleges that in committing the acts and omissions described in this Complaint, Defendant PREWETT acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff and Plaintiff's decedent of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant PREWETT in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful acts and omissions of Defendant PREWETT, decedent STEVE SALGADO was shot and killed on January 29, 2017, and Plaintiff was thereby deprived of her constitutional right to a familial relationship with STEVE SALGADO.

25. As a further direct and proximate result of the wrongful acts and omissions of Defendant PREWETT, and the ensuing death of decedent STEVE SALGADO, Plaintiff has suffered extreme and severe emotional distress, mental anguish, and pain, and has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of STEVE SALGADO in an amount according to proof at trial.

26. As a further direct and proximate result of the wrongful acts and omissions of Defendant PREWETT, and the ensuing death of decedent STEVE SALGADO, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

27. Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For general and special damages in an amount according to proof at trial;
3. For costs of suit incurred herein;
4. For attorneys' fees incurred herein, as provided by law;
5. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial;
6. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: May 23, 2017           Respectfully submitted,

                                         **THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn
     BRIAN T. DUNN
     MEGAN R. GYONGYOS
     Attorneys for Plaintiff, MARIA MACEDO