Humberto M. Guizar, Esq., (SBN 125769)
Kent M. Henderson (SBN 139130)
Angel Carrazco, Jr. (SBN 230845)
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd.
Tustin, CA 92780
Telephone No.: (714) 541-8600
Facsimile No.: (714) 541-8601

Attorneys for Plaintiffs G.A.S.D. and S.E.S.D., et. al.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MARIA MACEDO, an individual, Plaintiff,

v.

CITY OF SANTA ANA, SANTA ANA POLICE DEPARTMENT OFFICER DAVID PREWETT, et al.,

Defendants

---

G.A.S.D., and S.E.S.D., Minors, by and through his Guardian Ad Litem, Aylin Diaz, individually and as successors in interest to STEVE SALGADO,

Plaintiffs,

v.

CITY OF SANTA ANA, an entity; SANTA ANA POLICE DEPARTMENT, an entity; DAVID PREWETT, et. al.,

Defendants.

**CASE NO.: SACV 17-00897-CJC (JDEx) consolidated with SACV 17-05676-CJC**

**EX-PARTE APPLICATION AND PETITION FOR APPROVAL OF MINORS' COMPROMISE OF MINOR PLAINTIFFS G.A.S.D. AND S.E.S.D.; PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Kent M. Henderson and Declaration of Minors' Guardian, Aylin Diaz and Exhibit Nos. 1 and 2 filed concurrently herewith]

[Proposed Order submitted concurrently herewith]

ASSIGNED FOR ALL PUROPOSES TO THE HONORABLE CORMAC J. CARNEY

TO THE HONORABLE CORMAC J. CARNEY, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Plaintiffs G.A.S.D. and S.E.S.D, minors, by and through their guardian ad litem, AYLIN DIAZ, hereby petition this Court Ex Parte to approve the minors' proposed compromise of their claims in this matter. The details of the history of the litigation and the terms of the minors' compromise and settlement are set forth in the Petition for Compromise of the Claim of Minors G.A.S.D. and S.E.S.D., supporting Declarations and Exhibits attached hereto.

Statement of Local Rule 7-3 Compliance: Prior to filing this motion, the parties conferred in detail regarding its contents and Defense counsel, Jill Williams, of CARPENTER, ROTHANS & DUMONT, has been given notice of this Application and have no objection to it. Defendants and their counsel have agreed to the terms of the minors' compromise and settlement, obtained the necessary approvals of it and have agreed to allow Plaintiffs to seek the Order Approving Minors' Compromises Ex Parte and to obtain the approval without a hearing.

This Application is based on this Petition, the Memorandum of Points and Authorities, the records and files of this Court, the attached Declaration of Kent M. Henderson, and the Declaration of AYLIN DIAZ, GAL for Minors G.A.S.D. and S.E.S.D.

Dated: March 25, 2019

GUIZAR, HENDERSON & CARRAZCO, L.L.P.

/S/ Kent M. Henderson
KENT M. HENDERSON
Attorneys for Plaintiffs

**EX PARTE APPLICATION AND PETITON FOR ORDER APPROVING MINORS' COMPROMISE**

## I. INTRODUCTION:

Central District of California L.R. 17-1.2 provides that "no claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree". Petitioner AYLIN DIAZ as Guardian Ad Litem for minor Plaintiffs G.A.S.D. and S.E.S.D. hereby submits this petition for the approval of the settlement obtained in this matter for Minors G.A.S.D and S.E.S.D., and requests that the Court approve the proposed distribution of the minors' funds.

Plaintiffs G.A.S.D. and S.E.S.D. are the natural born minor daughter and son of Decedent STEVE SALGADO. The instant claims of G.A.S.D. and S.E.S.D. arise from the fatal shooting of her father by Santa Ana Police Officer DAVID PREWETT on January 29, 2017. The claims which were filed by the minor Plaintiffs in this lawsuit pending before this Court were against Defendant PREWETT in his individual capacity for violation of Federal Civil Rights under color of law (42 U.S.C. Section 1983) under the Fourth Amendment (Excessive force) and under the Fourteenth Amendment (interference with familial relations) [including pursuing a separate Monell theory against Defendant CITY OF SANTA ANA]. These Plaintiffs also timely presented Government Claims and filed wrongful death claims based on Battery and Negligence against all Defendants.

The Plaintiffs in this action are G.A.S.D. (surviving daughter -- 5 years old) and S.E.S.D. (surviving son – almost 1 and 2/3 year old). G.A.S.D. is Female, was born March 25, 2014, and has just turned 5 years old. S.E.S.D. is Male, was born on July 5, 2017 and is almost 1 and 2/3 years old. Their natural (biological) mother and appointed Gaurdian Ad Litem is AYLIN DIAZ. AYLIN DIAZ lives with her two children and in raising them. Their minors' natural (biological) father, Decedent STEVE SALGADO, was fatally shot by Defendant DAVID PREWETT on January 29, 2017 in Santa Ana California.

The Complaint on behalf of minor Plaintiffs G.A.S.D. and S.E.S.D. and Petitions for Appointment of Guardian Ad Litem was filed by GUIZAR, HEDERSON & CARRAZCO, LLP (hereinafter sometimes referred to as "GHC") on September 26, 2017. AYLIN DIAZ was appointed Guardian Ad Litem on September 29, 2017. The minors' action (USDC Case No.: 8:17-cv-01576-JLS-DFM) was consolidated with the action filed on behalf of the mother of Decedent, Maria Macedo (USDC Case No.: 8: 17-cv-00897-CJC-JDE) on December 6, 2017.

Plaintiffs' counsel GHC expended over $58,000.00 in costs, retained two essential experts, took the lead in noticing and taking 12 depositions (including the autopsy surgeon, current and former Chief of Police and expert depositions), successfully opposed the Defendants' Motion for Summary Judgment and settled the case of the two minor Plaintiffs after two settlement conferences for a combined $1,350,000.00.

The extensive, protracted litigation included: GHC retaining and providing all materials to the Plaintiffs' police practices expert (Scott DeFoe) and the biomechanical - shooting reconstruction expert (Jesse Wobrock, Ph.D.); obtaining Santa Ana Police Department ("SAPD") and Orange County District Attorneys' Office) ("OCDA") investigation files and interviews under Protective Order (and obtaining additional files under Protective Order); 12 depositions, including expert depositions set by and taken by GHC as lead counsel (including of the autopsy surgeon, Defendant DAVID PREWITT, other Santa Ana Police officers and detectives present at shooting, Santa Ana's ex and current Chief of Police [ex-Police Chief deposition in Oakland, CA]; the SAPD Commander who authored the memos regarding this shooting, Defendants' use of force and shooting reconstruction expert witnesses (with the shooting reconstruction expert deposition taking place in Oakland, CA]; several sets of written discovery propounded to and from Plaintiffs; successfully opposing Defendants' Motion for Summary Judgment (that included responding to 129 Defendants' facts and presenting 120 additional Minor Plaintiffs' undisputed facts supported by evidentiary citations); and the parties participated in multiple settlement conferences before Richard Copeland (1st settlement conference) and the Honorable Ret. Judge Biderman (2nd Private Mediation). The Declaration of Kent M. Henderson filed concurrently herewith more fully describes the extensive discovery and trial preparation that was undertaken in this matter that lead to its resolution and settlment.

With the assistance of Judge Biderman, the parties arrived at a settlement of the minors' case in the amount of $1,350,000.00 on December 21, 2018. The settlement then had to be approved by the Santa Ana City Council and an insurance carrier or liability pool group for the City. The approvals were eventually obtained and Plaintiffs G.A.S.D. and S.E.S.D. through their Guardian Ad Litem Aylin Diaz executed the Release in Full Settlement and Compromise agreement on March 19, 2019 (Aylin Diaz signed 3-19-2019). As more fully set forth below, the settlement includes a Qualified Assignment/structured settlement annuity with payment schedules for periodic payments. (See Exhibit Nos. 1 and 2 to Declaration of Guardian Ad Litem Aylin Diaz filed concurrently herewith). This settlement is inclusive of all attorney's fees and costs of litigation. The case was extensively litigated and the total litigation costs are: $58,535.32. The attorneys' fees have been charged on the net settlement after deduction of costs as set forth below.

**2. <u>The Proposed Settlement and Distribution</u>:**

From the Global gross settlement of $1,350,000.00 as to the minor Plaintiffs the parties have agreed to the following respective disbursements for each Plaintiff. To begin with, each Plaintiff is being allotted 1/2 of the total gross settlement. Each Plaintiff's share of the gross settlement is $675,000.00 (1/2 of $1,350,000.00). Each Plaintiff is also bearing their 50% (1/2) share for attorneys' fees and costs to arrive at each Plaintiff's net settlement amount. The distribution of the settlement proceeds is as follows:

**1.** Minor G.A.S.D.: $**387,439.25** net settlement payable to "MetLife Assignment Company" to fund a structured settlement annuity with a payout schedule as set forth in Exhibit No. 1 ($675,000.00 gross settlement - $287,650.75 [1/2 of combined attys fees and costs]);

**2.** Minor S.E.S.D.: $**387,439.25** net settlement net settlement payable to "MetLife Assignment Company" to fund a structured settlement annuity with a payout schedule as set forth in Exhibit No. 2 ($675,000.00 gross settlement - $287,650.75 [1/2 of combined attys fees and costs]); and

**3.** **$575,121.50** total attorneys' fees and costs payable to GUIZAR, HENDERSON & CARRAZCO, L.L.P.

As shown above, the settlement provides for the complete resolution of the claims of the Minor Plaintiffs G.A.S.D.'s and S.E.S.D.'s claims into net amounts. The calculation of these above net amounts is as follows:

For the attorneys' fees: (40% on the net after costs): $1,350,000.00 settlement – $58,535.82 costs = $1,291,464.18 (net after costs). $1,291,464.18 x 40% = $516,585.68 total attys' fees]

The total litigation costs are $58,535.82 and the combined attorneys' fees and costs: $516,585.68 attys fees + = $575,121.50 total attys' fees and costs.

$575,121.50 total attys fees and costs divided by 2 = $287,560.75 attys' fees and costs per Plaintiff.

$675,000.00 gross - $287,560.75 attys fees and costs = $387,439.25 net settlement per minor Plaintiff.

Therefore, the total amount each of the minors shall recover after reduction

for attorney's fees and costs is $387,439.25. These funds will be paid to each of the minors in the form of a structured payout that will be paid pursuant to annuities purchased from Metropolitan Tower Life Insurance Company [which is Rated A+ (Superior) Financial Size XV by ($2 Billion or greater) by A.M. Best].

The structured settlement/annuity payment schedule for Minor Plaintiff G.A.S.D. (as set forth in Exhibit No. 1) is as follows:

<u>GUARANTEED LUMP SUMS</u>

Payable to Plaintiff G.A.S.D.
$75,000.00 payable 03-25-2032 (age 18)
$85,000.00 payable 3-25-2033 (age 19)
$100,000.00 payable 3-25-2034 (age 20)
$115,000.00 Payable 3-25-2035 (age 21)
$135,481.91 payable 3-25-2036 (age 22)

The structured settlement/annuity payment schedule for Minor Plaintiff S.E.S.D. (as set forth in Exhibit No. 2) is as follows:

<u>GUARANTEED LUMP SUMS</u>
Payable to Plaintiff S.E.S.D.
$85,000.00 payable 07-05-2035 (age 18)
$95,000.00 payable 07-05-2036 (age 19)
$100,000.00 payable 07-05-2037 (age 20)
$125,000.00 payable 07-05-2038 (age 21)

$144,778.40 payable 07-05-2039 (age 22)

In addition to the above amounts, a request is being made for $700.00 per month per child as a stipend for assisting to raise the two children given the desperate circumstances in which the Plaintiffs are left by the death of their father. The family of a single mother and two children has been left in difficult circumstances due to the death of the children's father as more fully explained in the Declaration of Minors' Guardian Ad Litem, Aylin Diaz.

The structured settlement/annuity payment schedule for stipend during minority for Minor Plaintiff G.A.S.D. (as set forth in Exhibit No. 1) is as follows: "commencing on 7/1/2019 $700.00 monthly for 12 years 9 months guaranteed, last guaranteed payment on 03/01/2032." The structured settlement/annuity payment schedule for stiped during minority for Minor Plaintiff S.E.S.D. (as set forth in Exhibit No. 2) is as follows: "commencing on 7/1/2019 $700.00 monthly for 16 years 1 months guaranteed, last guaranteed payment on 07/1/2035." It should be noted that the total of the $700.00 payments during minority for the benefit of G.A.S.D is $107,100.00 whereas the total of the payments directly to G.A.S.D. on and after age 18 is $510, 481.91. The total of the $700.00 payments during minority for the benefit of S.E.S.D. is $135,100.00 whereas the total of the payments directly to S.E.S.D. on and after age 18 is $549,778.40. The total of all payments for the benefit of the minors and directly to the minors is: $1,302,460.31.

**TOTALS:**

Therefore, Plaintiffs G.A.S.D. and S.E.S.D. hereby requests an order directing disbursements to be made from the settlement proceeds as follows:

| | Check No./ Payable to | Amount |
|---|---|---|
| 1. | MetLife Assignment Company (Annuity Draft/Annuity Company) [for G.A.S.D. settlement] | $387,439.25 |
| 2. | MetLife Assignment Company (Annuity Draft/Annuity Company) [for S.E.S.D. settlement] | $387,439.25 |
| 3. | Guizar, Henderson & Carrazco, L.L.P. (Attorneys' fees and reimbursed litigation costs) | $575,121.50 |

## II. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to

settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Finally, Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees."

This application also requests that the Court fix the amount of attorneys' fees at the amounts set forth above.

**B. <u>Disclosures pursuant to California Rule of Court 7.950</u>**

1. Petitioner AYLIN DIAZ is the guardian ad litem for daughter G.A.S.D. and son S.E.S.D.

2. The claimants G.A.S.D and S.E.S.D. are minor children of the decedent in this case STEVE SALGADO.

3. The Minor G.A.S.D.'s gender is female and she was born on March 25, 2014. G.A.S.D. is currently 5 years old. The Minor S.E.S.D.'s gender is male and he was born on July 5, 2017. He is currently 1 and 2/3 years old.

4. The nature of G.A.S.D and S.E.S.D.'s claims in this lawsuit are set forth in the operative complaint filed in this action. These minor Plaintiffs brought

claims for the loss of the love, aid, comfort, society, affection, guidance, etc. of their father under Federal and Plaintiffs reached a settlement of this matter at mediation.

5. Plaintiffs G.A.S.D. and S.E.S.D.'s damages in this case arise from (1) their individual loss of their father's comfort, care, companionship, training, support, and guidance. See Henderson Declaration, at Paragraph 3.

6. Medical treatment is not relevant. Plaintiffs G.A.S.D. and S.E.S.D. have not received medical treatment in connection with this case.

7. Medical billing is not relevant. Plaintiffs G.A.S.D. and S.E.S.D. have not received medical treatment in connection with this case.

8. The total amount of G.A.S.D. and S.E.S.D.'s portion of the Global settlement after reduction for attorney's fees and costs is $774,878.50. Minor Plaintiff G.A.S.D. is receiving half of this sum: **$387,439.50**. Minor Plaintiff S.E.S.D. is receiving half of this sum: **$387,439.50**. The proceeds will be used to fund a structured annuities, as set forth above, to be distributed to her over time, commencing when they reach the age of 18 as set forth in Exhibit Nos. 1 and 2. There will also be a stipend of $700.00 per month for each minor ($1,400.00 per month total) to be paid to Aylin Diaz as natural mother for the benefit of G.A.S.D. and S.E.S.D.

9. Attached as "Exhibit No. 1" to this petition is a structured settlement annuity regarding minor Plaintiff G.A.S.D., with payment schedule which is

incorporated herein in its entirety by reference. G.A.S.D.'s Guardian ad Litem agrees to this structure and believes that it is in the best interests of her daughter, G.A.S.D. Attached as "Exhibit No. 2" to this petition is a structured settlement annuity regarding minor Plaintiff S.E.S.D., with payment schedule which is incorporated herein in its entirety by reference. S.E.S.D.'s Guardian ad Litem agrees to this structure and believes that it is in the best interests of her son, S.E.S.D.

10. The moving Guardian ad Litem does not have any claims against the minor plaintiffs in connection with the subject incident.

11. California Welfare and Institutions Code Section 14124.73 does not apply.

13. This motion does not seek an order for payment of money to a special needs trust. See Henderson Declaration, at Paragraph 3.

C. **<u>Disclosures pursuant to California Rule of Court 7.951</u>**

1. This petition was prepared by Guizar, Henderson & Carrazco, LLP, located at 18301 Irvine Blvd. Tustin, CA 92780.

2. Guizar, Henderson & Carrazco did not become concerned with this matter at the instance of any party against whom the claim of said minor is asserted, Henderson Declaration, at Paragraph 3.

3. Guizar, Henderson & Carrazco, LLP, represents Plaintiffs G.A.S.D. and S.E.S.D., but are not employed by any other party or any insurance carrier

involved in the matter. See Henderson Declaration, at Paragraph 3.

4. Guizar, Henderson & Carrazco, LLP, has not to date received any compensation for services in connection herewith from any person. See Henderson Declaration, at Paragraph 3.

5. Guizar, Henderson & Carrazco, LLP, accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement a lawsuit. The retainer agreement also provides that the 40 percent retainer is in addition to any attorneys' fees awarded under Section 1988. Plaintiffs' counsel is taking a 40% on the net (after deduction of costs) attorneys' fee in this matter. See Henderson Decl. at paragraph 3.

**D. Petitioner's endorsement**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minors' claims, the parties responsible for the incident, and the nature, extent and seriousness of the minors' claims. Petitioner further understands the transactions proposed in this petition, and requests that the Court approve it.

Petitioner recommends these transactions and the proposed distribution to the Minors G.A.S.D. and S.E.S.D. to the Court as being fair, reasonable, and in the best interests of Minors G.A.S.D. and S.E.S.D., and requests the Court approve them and make such other and further orders as may be just and reasonable.

Petitioner specifically requests that the Court enter an order approving the proposed annuities described in Exhibit Nos. 1 and 2. Petitioner submits that these disbursements are reasonable and in her daughter's and son's best interests, and requests that the Court approve them and make such other and further orders as may be just and reasonable.

**E. Attorneys' fees and minor plaintiffs**

Local Rule 17-1.5 provides that in call cases involving the claims of minors, "the Court shall fix the amount of attorney's fees." See also Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule). The attorneys' fees that are requested to be approved represent an amount due under the existing retainer agreement and, in fact, the 40% is calculated on the net settlement after costs in this matter.

This case involved a substantial amount of risk, a great deal of work and was vigorously litigated by a hardworking team of attorneys from Guizar, Henderson & Carrazco, L.L.P. Plaintiffs' counsel obtained outstanding results for their clients in this case. As a result of the attorneys' efforts, G.A.S.D. and S.E.S.D., will enjoy payments of almost $1,302,460.31 spread throughout their lives. As a result of the work of Plaintiffs' counsels the Santa Ana Police officer responsible for their father's death was the subject of an important civil rights settlement, which (it is hoped) will deter future police misconduct of this kind. Put simply, the result in this case served the public interest.

If G.A.S.D. and S.E.S.D.'s counsel were not awarded a fully compensatory fee in such cases, then this would discourage similarly situated attorneys from taking these types of cases. Specifically, it would provide a disincentive for skilled attorneys to take cases involving minor plaintiffs, which if anything require a higher level of legal expertise and experience than cases involving adult plaintiffs. Civil rights cases are difficult enough for attorneys to take and win, without the additional disincentive of a reduced fee at the end. In sum, a larger reduction of the attorney's fees would inhibit the provision of high quality of legal services to civil rights victims who are minors. In turn, minor plaintiffs, such as G.A.S.D. and S.E.S.D., would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs G.A.S.D. and S.E.S.D.'s attorneys request the approval of the full amount of the requested attorneys' fees and costs.

## III. CONCLUSION

For the reasons above, the Court should enter the [Proposed] Order Approving Minors Compromise for Minors G.A.S.D. and S.E.S.D. submitted concurrently herewith.

///

///

///

///

Dated: March 26, 2019

GUIZAR, HENDERSON & CARRAZCO L.L.P.

/S/ Kent M. Henderson
KENT M. HENDERSON
Attorneys for Plaintiffs G.A.S.D. AND S.E.S.D.

ENDORSEMENT OF PETITION: I, Aylin Diaz, as Guardian Ad Litem of my children, G.A.S.D. and S.E.S.D., have reviewed the foregoing Petition for Approval of Minors' Compromise and I know and approve of its contents.

DATED: March 26, 2019

Aylin Diaz
Aylin Diaz, as Guardian ad Litem
of G.A.S.D. and S.E.S.D.