1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIA MACEDO,<br><br>Plaintiff,<br><br>v.<br><br>SANTA ANA POLICE DEPARTMENT OFFICER DAVID PREWETT, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | Case No.: SACV 17-00897-CJC(JDEx), consolidated with SACV 17-01676-CJC<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR APPROVAL OF MINORS' SETTLEMENT [Dkt. 56]** |

## I. INTRODUCTION & BACKGROUND

This civil rights action arises out of the tragic death of 18-year-old Steve Salgado after Santa Ana Police Department Officer David Prewett fatally shot him on January 29, 2017. On that day, at approximately 5 p.m., Salgado was sitting in a stopped vehicle in an alley near South Birch Street in Santa Ana, when Officer Prewett and other officers from the Santa Ana Police Gang Unit approached the vehicle. Salgado had apparently just came from a children's soccer game and was going to a friend's home. When the officers approached, Salgado was allegedly startled and began running away. The officers engaged in a short foot pursuit, during which Salgado allegedly appeared to have something in his pocket. In the middle of the foot pursuit, Officer Prewett fired three shots, allegedly at Salgado's back. Salgado was unarmed. Salgado later died as a result of these gunshot injuries.

Salgado's mother, Maria Macedo, and his two children, G.A.S.D. and S.E.S.D., through their guardian ad litem, Aylin Diaz, brought separate actions against Defendants Prewett, the City of Santa Ana, and the Santa Ana Police Department ("SAPD"). The two cases have been consolidated for all purposes, including trial. On January 2, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. (Dkt. 50.) Office Prewett subsequently appealed to the Ninth Circuit on the issue of qualified immunity. (*See* Dkts. 51, 53.) On March 26, 2019, Plaintiffs G.A.S.D. and S.E.S.D., through their guardian ad litem, Aylin Diaz, filed the instant *ex parte* application for the Court to approve their settlement with Defendants. (Dkt. 56 [hereinafter "App."].) The two minor Plaintiffs and Defendants have agreed to settle for a combined sum of $1,350,000. (*Id.* at 4.) For the following reasons, the application is **GRANTED**.

//

## II. LEGAL STANDARD

District courts have a special duty to protect the interests of litigants who are minors. *See* Fed. R. Civ. P. 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires a district court to appoint a guardian ad litem to protect a minor who is unrepresented in an action. Fed. R. Civ. P. 17(c). When the parties seek to enter into a settlement involving a minor, the Ninth Circuit has instructed district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

District courts must limit their scope of review to whether the net amount distributed to each plaintiff is fair and reasonable, in light of the facts of the case, the plaintiff's specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1181–82. Courts should not evaluate the fairness of the recovery by comparing the minor's proportion of the total settlement value to the amount designated for competent co-plaintiffs or plaintiff's counsel. *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

//

## III.  ANALYSIS

### 1. Plaintiff's Net Recovery

The proposed total settlement amount is $1,350,00.  (App. at 6.)  Each minor Plaintiff will have a share of $675,000 of the gross settlement.  (*Id.*)  After a reduction for attorneys' fees and costs, minor Plaintiffs G.A.S.D and S.E.S.D. will each receive a net recovery of $387,439.25.  (*Id.* at 7.)  The funds will be paid to each of the minors in the form of a structured payout, pursuant to annuities purchased from Metropolitan Tower Life Insurance Company.  (*Id.* at 8.)  Plaintiff G.A.S.D., who just turned five years old, will receive lump sum payments as follows:

    $75,000.00 payable on March 25, 2032 (age 18)
    $85,000.00 payable on March 25, 2033 (age 19)
    $100,000.00 payable on March 25, 2034 (age 20)
    $115,000.00 payable on March 25, 2035 (age 21)
    $135,481.91 payable on March 25, 2036 (age 22)

(*Id.*)  Plaintiff S.E.S.D., who will turn two years old in July, will receive lump sum payments as follows:

    $85,000.00 payable on July 5, 2035 (age 18)
    $95,000.00 payable on July 5, 2036 (age 19)
    $100,000.00 payable on July 5, 2037 (age 20)
    $125,000.00 payable on July 5, 2038 (age 21)
    $144,778.40 payable on July 5, 2039 (age 22)

(*Id.* at 9.)  In addition, a stipend of $700 per month per child will be paid to the minor Plaintiffs' guardian ad litem and biological mother, Aylin Diaz.  (*Id.*)  The stipend for G.A.S.D. will commence on July 1, 2019, with the last guaranteed payment on March 1, 2032.  (*Id.*)  The stipend for S.E.S.D. will commence on July 1, 2019, with the last

guaranteed payment on July 1, 2035. (*Id.*) The stipend and lump sum payments will toal $1,302,460.31 over time. (*Id.*)

The Court finds that Plaintiffs' net recovery is fair and reasonable in light of the facts of the case. With the assistance of Judge Biderman, the parties arrived at the settlement of the minors' case in the amount of $1,350,000 on December 21, 2018. This settlement serves the best interests of Plaintiffs. The $700 monthly stipend for the benefit of each child will assist their biological mother and guardian ad litem in raising the children, as the family has been left in difficult circumstances after the death of Salgado. The children will also receive significant payments after they turn eighteen years old.

### 2. Attorneys' Fees and Costs

Plaintiffs' counsel also seeks approval of their fees and costs. Civil Local Rule 17-1.6 requires that any money recovered by a minor by settlement must be paid and disbursed in accordance with California Probate Code §§ 3600 *et seq.* In turn, California Probate Code § 3601 authorizes a court to direct that reasonable guardian expenses, costs, and attorneys' fees be paid from the money to be delivered for the benefit of the minor. *See also Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994) (noting that § 3601 "bestows broad power on the court to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it"). When a lawyer represents a minor and recovers funds by way of settlement, California law requires a court to inquire into the reasonableness of attorneys' fees and costs. *Ojeda v. Sharp Cabrillo Hosp.*, 8 Cal. App. 4th 1, 17 (1992) (citing Cal. Prob. Code §§ 3600–01). Although *Robidoux* did not mandate a specific standard to evaluate the reasonableness of attorneys' fees, the Ninth Circuit held that district courts should not place undue emphasis on the amount of attorneys' fees when determining the plaintiff's recovery under a proposed settlement. 638 F.3d at 1181–82.

Plaintiffs' counsel requests fees in the sum of $516,585.82, pursuant to their retainer agreement, which provides for a forty percent contingency fee in a litigated action. (App. at 7, 14.) This action was litigated for over three years and settled only after Defendants had filed a motion for summary judgment and the parties had conducted two settlement conferences. (Dkt. 56-2 [Declaration of Kent M. Henderson] ¶ 2.) Plaintiffs' counsel took twelve depositions throughout southern California and in Oakland, California. (*Id.*) They also retained experts, including an expert in biomechanics, and engaged in expert discovery. (*Id.*) Plaintiffs' counsel also requests costs in a total sum of $58,535.82. (*Id.* at 7.) In response to the Court's order to show cause as to why they were entitled to their request for costs, Plaintiffs' counsel has submitted spreadsheets, invoices, and a copy of their retainer agreement. (Dkts. 57–58.) The retainer agreement defines costs as "any out of pocket expenditure" made by Plaintiffs' counsel in connection with the case, including filing fees, mediation fees, travel expenses, and expert fees. (Dkt. 58 Ex. 3.) According to Plaintiffs' counsel, litigation costs total $34,223.32, and expert fees total $24,312.50. (*Id.* Exs. 1–2.) However, Plaintiffs' counsel includes, as part of their litigation costs, a $500[1] invoice for tickets to an Angels baseball game and a $508 invoice for an order of "Steve Salgado Shirts." (Ex. 1.) Plaintiffs' counsel provides no explanation for why baseball tickets or T-shirts are recoverable costs that arose in connection to this case. Besides the baseball tickets and T-shirts, Court finds that the request for attorneys' fees and costs is reasonable. The Court will approve of $516,585.82 in attorneys' fees and $57,527.82 in costs.

//

---

[1] The spreadsheet lists "Baseball Tickets for Clients" as totaling $288, but the submitted invoice is for $500.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's unopposed *ex parte* application for an order approving the settlement is **GRANTED. IT IS HEREBY ORDERED THAT:**

1. The $1,350,000.00 in gross settlement of all claims for compensatory and punitive damages, and attorneys' fees and costs, asserted in this lawsuit on behalf of minor Plaintiffs G.A.S.D. and S.E.S.D., arising from the death of their father, is approved.

2. The gross settlement sum of $1,350,000.00 is to be apportioned equally among the two minor Plaintiffs. Minor Plaintiff G.A.S.D.'s gross settlement share is $675,000.00 and minor Plaintiff S.E.S.D.'s gross settlement share is $675,000.00. The gross settlement sums of G.A.S.D. and S.E.S.D. shall be distributed as follows:

    (a) $387,439.25 shall be paid by Defendants to MetLife Assignment Company, Inc. to fund a structured settlement/annuity for G.A.S.D. with a payout schedule set forth as follows:

        (i) $700.00 monthly commencing on July 1, 2019 to natural mother and guardian ad litem Aylin Diaz for the benefit of G.A.S.D. for 12 years 9 months guaranteed, with the last guaranteed payment on March 1, 2032; and

//

      (ii)    Guaranteed lump sums, payable directly to Plaintiff G.A.S.D., as follows:

          $75,000.00 payable March 25, 2032 (age 18)
          $85,000.00 payable March 25, 2033 (age 19)
          $100,000.00 payable March 25, 2034 (age 20)
          $115,000.00 payable March 25, 2035 (age 21)
          $135,481.91 payable March 25, 2036 (age 22)

(b)    $387,439.25 shall be paid by Defendants to MetLife Assignment Company, Inc. to fund a structured settlement/annuity for S.E.S.D. with a payout schedule set forth as follows:

      (i)    $700.00 monthly commencing on July 1, 2019 to natural mother and guardian ad litem Aylin Diaz for the benefit of S.E.S.D. for 16 years 1 month guaranteed, with the last guaranteed payment on July 1, 2035; and

      (ii)    Guaranteed lump sums, payable directly to Plaintiff S.E.S.D., as follows:

          $85,000.00 payable July 5, 2035 (age 18)
          $95,000.00 payable July 5, 2036 (age 19)
          $100,000.00 payable July 5, 2037 (age 20)
          $125,000.00 payable July 5, 2038 (age 21)
          $144,778.40 payable July 5, 2039 (age 22)

3. The Court approves attorneys' fees in the amount of $516,585.68 and costs in the amount of $57,527.82 to Guizar, Henderson & Carrazco LLP.

4. The Court shall retain jurisdiction to enforce this settlement.

**IT IS SO ORDERED.**

DATED: April 5, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE